**UNITED STATES of America,
Appellee,**

v.

**Jose Antonio GARCIA, Defendant–
Appellant.**

**Docket No. 01–1138.**

United States Court of Appeals,
Second Circuit.

April 1, 2002.

Bret R. Williams, Assistant United States Attorney for the Southern District of New York, (Mary Jo White, United States Attorney, and Baruch Weiss, Assistant United States Attorney, on the brief), New York, NY, for Appellee.

Jack G. Goldberg, New York, NY, for Defendant–Appellant.

Present FEINBERG, OAKES and STRAUB, Circuit Judges.

SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.

Defendant–Appellant Jose Antonio Garcia appeals from a judgment of conviction entered by the United States District Court for the Southern District of New York (Louis L. Stanton, *Judge*) following a guilty plea to conspiring to distribute and possessing with intent to distribute more than one kilogram of heroin in violation of 21 U.S.C. § 846. Garcia raises only one issue on appeal, contending that his prosecution violated the Double Jeopardy Clause of the Fifth Amendment. For the reasons that follow, we reject his claim.

From approximately August 1995 to August 1996, Garcia participated in a conspiracy to distribute large quantities of heroin in upper Manhattan and the Bronx. In June 1996, Garcia fled to the Dominican Republic because he suspected that

authorities were investigating his operation. However, he continued to participate in the conspiracy, directing the activities of his coconspirators and running the operation by telephone. In September 1996, an indictment was filed in the Southern District of New York charging Garcia with conspiracy to distribute and possession with intent to distribute heroin. Drug Enforcement Administration ("DEA") agents traveled to the Dominican Republic in October 1996 in an attempt to interview Garcia. There, the agents provided information to Dominican authorities about Garcia's involvement in the conspiracy, including the indictment filed against him. Dominican authorities then arrested Garcia, charging him with violations of Dominican law. Garcia was convicted and sentenced to two years' incarceration in the Dominican Republic. After being released, in September 1999, Garcia was re-arrested by Dominican authorities pursuant to a United States arrest warrant and extradited to the United States in February 2000. On May 21, 2000, Garcia pleaded guilty to the charges against him, but reserved the right to contest his conviction on double jeopardy grounds. This timely appeal followed.

Garcia contends that because he was charged and convicted for the same conduct in the Dominican Republic, his instant conviction violates the Double Jeopardy Clause of the Fifth Amendment. It is well established, however, that separate prosecutions by different sovereigns do not violate a defendant's double jeopardy rights, even if both prosecutions are based on the same conduct. *See, e.g., Heath v. Alabama*, 474 U.S. 82, 88, 106 S.Ct. 433, 88 L.Ed.2d 387 (1985). "[W]hen the same act transgresses the laws of two sovereigns, it cannot be truly averred that the offender has been twice punished for the same offense; but only that by one act he has committed two offenses, for each of which

he is justly punishable." *Id.* (internal quotation marks omitted). In *Bartkus v. Illinois*, 359 U.S. 121, 131–34, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959), the Supreme Court established a narrow exception to the dual sovereignty doctrine, holding that if a defendant can establish that one of the prosecuting authorities served simply as a "tool" of, or a "cover" for, the other, then double jeopardy protections may apply. More recently, we have clarified that the *Bartkus* exception "is not triggered simply by cooperation between the two authorities ... the [first] government must have effectively manipulated the actions of the [second] government so that ... officials [of the second] retained little or no independent volition." *United States v. Whalers Cove Drive*, 954 F.2d 29, 38 (2d Cir. 1992). We have, moreover, made clear that the *Bartkus* exception applies only in an "extraordinary" case. *United States v. All Assets of G.P.S. Automotive Corp.*, 66 F.3d 483, 495 (2d Cir.1995).

Applying these principles to the instant case, it is clear that Garcia's argument cannot stand. The Dominican Republic, as a foreign nation, is unquestionably a distinct sovereign from the United States. *See United States v. Fontanez*, 869 F.2d 180, 182–83 (2d Cir.1989). Moreover, Garcia was convicted in the Dominican Republic for violating the laws of that country, rather than the laws of the United States. Nor can Garcia establish that the Dominican authorities were acting as a "tool" of American authorities. Although DEA agents shared information with Dominican authorities on Garcia's activities, this does not approach the level of control and manipulation needed before the *Bartkus* exception would apply. *See G.P.S. Automotive Corp.*, 66 F.3d at 494. Garcia has provided no information, beyond mere speculation, that the United States manipulated Dominican authorities or had any

involvement in foreign prosecutorial decisions. In short, Garcia is unable to demonstrate that this is an "extraordinary" case in which the Dominican prosecution was a such sham that we should disregard the sovereignty of a foreign nation. *Id.* at 495.

Accordingly, the judgment of conviction entered by the District Court is AFFIRMED.